IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTIN LEE DOUGLAS,

                      Plaintiff,

    v.

LARRY FUCHS, OFFICER BRETT A. COOK,
OFFICER MICHAEL J. JULSON, OFFICER ERIC J.
NERISON, OFFICER JESSE B. DICKRELL, OFFICER
EVAN A. BROYLES, ADAM S. TREPANIER, and
OFFICER JONATHAN E. KORDUCKI,

                      Defendants.

OPINION and ORDER

24-cv-6-jdp

---

Plaintiff Justin Lee Douglas, proceeding without counsel, alleges that correctional staff at Columbia Correctional Institution ignored his attempt to overdose. I allowed Douglas to proceed against defendants on an Eighth Amendment conscious-disregard-of-safety claim. Dkt. 23.

Defendants move for summary judgment, contending that Douglas failed to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA). Dkt. 35. I will grant the motion and dismiss the case.

BACKGROUND

On March 7, 2021, Douglas submitted an inmate complaint related to his claim in this case. Dkt. 37-2 at 10. In the section of the form to identify his issue, Douglas wrote that Dr. Stange and Sgt. Cook walked away from his cell even though Stange had told him she was going to put him on clinical observation because he was a danger to himself. *Id.* In the section of the form to provide details, Douglas wrote that he gathered medications when Stange and

Cook walked away, and that he "was able to overdose" when staff arrived 20 minutes later. *Id.* at 10–11. Two days later, Institution Complaint Examiner R. Boyer returned the complaint, instructing Douglas to attempt to resolve his issue informally with Security Director Blount and to resubmit it once he had completed that task. *Id.* at 12 (citing Wis. Admin. Code DOC § 310.07(1)). Specifically, Boyer instructed Douglas to provide proof that he followed the chain of command and to submit "related correspondence/supporting documentation." *Id.*

Douglas resubmitted the complaint on March 18, 2022. *Id.* at 10. Douglas provided an interview/information request form in which he said that he wrote Blount and another staff member (Olson) about his issue, but that Blount wrote him back about a separate issue and Olson didn't respond. *Id.* at 13.

Boyer found that Douglas failed to comply with his instructions to informally resolve his issue and recommended dismissing the complaint for that reason. *Id.* at 2. The warden approved the recommendation. *Id.* at 3. Douglas appealed, contending that he told Boyer that he had written Blount, Olson, and Unit Manager Glass but that no one responded. *Id.* at 14. Corrections Complaint Examiner Emily E. Davidson recommended dismissing the complaint, encouraging Douglas to attempt to resolve his issue informally. *See id.* at 5. Davidson's recommendation was accepted as the decision of the Secretary of the Department of Corrections. *Id.* at 6.

Douglas bases his Eighth Amendment claim on the allegation that he started overdosing when defendants went to the front of his cell, but they didn't make any effort to stop him from taking the pills. Dkt. 23 at 2, 4. I allowed Douglas to proceed against Doe correctional staff, and he later amended his pleading to identify those individuals. Dkt. 30.

PLRA EXHAUSTION STANDARD

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "The exhaustion requirement's primary purpose is to alert the state to the problem and invite corrective action." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (alteration adopted). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Id.*

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA.") The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) ("We take a strict compliance approach to exhaustion." (alteration adopted)). Failure to exhaust requires dismissal of a prisoner's case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The DOC maintains a complaint process in all state adult prisons. *See* Wis. Admin. Code DOC § 310.01. After the prisoner has sought to resolve his issue informally, he must file a complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. *See* Wis. Admin. Code DOC § 310.07(1)–(2). "[A] procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming [in rejecting a grievance]." *See Conyers*, 416 F.3d at 585.

Prisoners are required to exhaust only the administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). Defendants bear the "burden of proving the availability of administrative remedies." *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

## ANALYSIS

Douglas failed to exhaust his administrative remedies. Douglas's inmate complaint was dismissed for a procedural reason: failure to informally resolve his issue, as required by Wis. Admin Code DOC § 310.07(1). Douglas says in his brief that the procedural dismissal was erroneous because he wrote to everyone in the chain of command but no one responded. Dkt. 40 at 3. Douglas's unsworn brief is not admissible evidence, so his statement in his brief does not create a genuine dispute. *See Stanford v. Wenzel*, No. 23-cv-604-jdp, 2024 WL 4039801, at *2 (W.D. Wis. Sept. 4, 2024). The interview/information request form that Douglas says he submitted to Boyer doesn't show that he attempted to informally resolve his issue because the form lacks any indication that the institution received it. *See* Dkt. 37-2 at 13. The fact Douglas has filled out part of the form does not show that he submitted it to prison staff. Also, Douglas says in the request form that Blount wrote him back about a separate issue, which contradicts the statement in his brief in opposition that Blount never responded. *See* Dkt. 40 at 3 ("[I] wrote to everyone and . . . nobody wrote [me] back.").

Even if Douglas has shown that he attempted to informally resolve his issue, the inmate complaint failed to give CCI officials notice of the claim he asserts in this case. To meet the exhaustion requirement, an inmate complaint must give the prison "notice of, and an opportunity to correct, a problem." *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). An inmate complaint meets this requirement "if it provides notice to the prison of the nature of

the wrong for which redress is sought." *See id.* at 995. The PLRA doesn't require the inmate to name all the defendants. *Jones v. Bock*, 549 U.S. 199, 217 (2007). But "a grievance must contain enough information about who caused the grieved [person a] problem so that a prison can properly investigate and resolve grievances." *Jackson v. Esser*, 105 F.4th 948, 960 (7th Cir. 2024).

In his inmate complaint, Douglas wrote the issue was that Stange and Cook walked away from his cell even though Stange had told him that she was going to put him on clinical observation because he was a danger to himself. By contrast, Douglas's claims in this case are based on the allegation that correctional staff watched him overdose but failed to try to stop that behavior. Douglas wrote in another section of the inmate complaint form that he was able to overdose when staff arrived twenty minutes later. But that detail wasn't enough to notify prison officials that he was complaining about other unnamed correctional staff for not making an effort to stop him from overdosing.

Douglas concedes that the issue in his inmate complaint was separate from his claim that defendants watched him overdose but failed to intervene. *See* Dkt. 40 and Dkt. 42. Douglas contends that he failed to submit an inmate complaint about defendants' failure to intervene because: (1) he was on clinical observation during the 14-day period after that incident and the observation officer didn't follow through on his promise to submit the complaint for him; and (2) this period had expired by the time he was released from clinical observation and learned that the officer didn't submit the complaint. *See* Dkt. 40 at 1–2. But, once again, Douglas's unsworn statements are not admissible evidence. Also, Douglas submitted a related inmate complaint on March 7, 2021, which fell within the 14-day period.

5

Douglas hasn't shown that he was unable to file complaints during the 14-day period when he says he was on clinical observation.

The evidence shows that Douglas failed to exhaust available administrative remedies. I will grant defendants' motion for summary judgment and dismiss Douglas's claims without prejudice for failure to exhaust administrative remedies.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 35, is GRANTED. As a result, plaintiff Justin Lee Douglas's claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to enter judgment and close the case.

Entered April 24, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge